UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEWIS VINCENT HUGHES and DEAN A. ARP, | ) ) CASE NO. C16-00005RSM ) |
| Plaintiffs, | ) ) ORDER TO SHOW CAUSE |
| v. | ) ) |
| WILLIAM RAYMOND HINESLY, *et al.*, | ) ) |
| Defendants. | ) ) |

*Pro Se* Plaintiff, Lewis Vincent Hughes filed a Complaint in this matter on January 4, 2016. Dkt. #1. On January 15, 2016, Mr. Hughes and Dean A. Arp, Plaintiffs, filed an Amended Complaint. Dkt. #3. Summons has not yet been issued.

Plaintiffs appear to raise allegations of harm related to a dispute over ownership of real property. *See id.;* Dkt. #1-1 (Civil Cover Sheet with "All Other Real Property" box checked under "Nature of Suit"). However, Plaintiffs' Amended Complaint is difficult or impossible to follow due to repeated citations to far-fetched or historical but nonetheless inapplicable facts and law. For example, Plaintiffs argue that this action is in admiralty because "according to international law… [it] is beyond dispute and extends into antiquity: 'Meanwhile those who seized wreck ashore without a grant from the Crown did so at their peril,'" citing to "Select

ORDER TO SHOW CAUSE - 1

Pleas in the Court of Admiralty, Volume II, A.D. 1547-1602." Dkt. #3 at 4.  Plaintiffs refer to a January 19, 1976, statement by Congresswoman Marjorie S. Holt identifying the United Nations as a "Communist" organization that was seeking "monetary control over the Union and People through promoting the 'One World Order.'" *Id.* at 20-21.  The implications of this UN takeover are detailed over several subsequent pages.  Plaintiffs appear to argue that notes, securities, checks, "and other evidences of debt" issued by banks are "worthless securities…. That cannot pass good, clean, lawful title to real property." *Id.* at 19.  Plaintiffs appear to state or imply that all paper currency is worthless, quoting John Adams "I am of the opinion… that there never was a paper pound, a paper dollar, or a paper currency [as money] but by force and fraud." *Id.* at 20.  These citations to fact and law call into question the possibility for Plaintiffs to win relief on their claims.  Furthermore, these citations mirror facts and law cited by Plaintiff Lewis V. Hughes in a previously dismissed case against a common Defendant, Wells Fargo Bank, N.A., as well as T.D. Service Company, Case No. 2:04-cv-01801-RSM.  In that matter, this Court dismissed Plaintiff Hughes' case with prejudice, finding that Plaintiff was: "asserting a state law claim pertaining to the validity of a real estate loan, even though he has designated his claim as one in admiralty;" "assert[ing] propositions for which there is no legal authority, and… rais[ing] many frivolous claims and arguments;" and "appear[ing] to set forth his own rules of civil procedure."  Case No. 2:04-cv-01801-RSM, Dkt. #14.

Additionally, the Court cannot discern the basis for subject matter jurisdiction from this Amended Complaint.  Plaintiffs assert that the Court has jurisdiction under admiralty law, *see* Dkt. #3 at 3 ("This is an admiralty/maritime cause of action"), yet the factual background provided in the Complaint points only to a dispute over ownership of real property or a mortgage thereon, *see id.* at 9-16 ("Nature of Cause of Action" and "Pertainant (sic)

ORDER TO SHOW CAUSE - 2

Chronological Events"). Plaintiffs also assert impermissibly vague federal question jurisdiction, *id.* at 2 ("all federal banking laws"), and impermissibly vague jurisdiction based on "international law," *id.* at 4.

Accordingly, Plaintiffs' Amended Complaint may suffer from deficiencies that, if not explained in response to this Order, will require dismissal. In response to this Order, Plaintiffs must write a short and plain statement telling the Court: (1) the specific basis for this case to arise under Admiralty law; (2) the laws or statutes under which they brings their claims; (3) how they allege Defendants violated each law or statute; and (4) how each law or statute gives rise to this Court's jurisdiction. **This Response is not to exceed ten (10) pages**, and the Court will not consider any additional pages or attachments.

Therefore, the Court hereby finds and ORDERS that Plaintiffs shall file a Response to this Order to Show Cause containing the detail described above **no later than twenty-one (21) days from the date of this Order**. Failure to file this Response may result in dismissal of this case.

The Clerk shall send a copy of this Order to Plaintiffs at 15923 SE 369th Street, Auburn, Washington 98092.

DATED this 22nd day of January 2016.

*[signature]*

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER TO SHOW CAUSE - 3